**Archie K. USSERY, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 93–0696.**

United States Court of Veterans Appeals.

Jan. 16, 1997.

Ruth Eisenberg, was on the pleadings for appellant.

Mary Lou Keener, General Counsel; Ron Garvin, Assistant General Counsel; Adrienne Koerber, Deputy Assistant General Counsel; and Barbara J. Finsness, Washington, DC, were on the pleadings for appellee.

Before FARLEY, MANKIN *, and HOLDAWAY, Judges.

* Judge Mankin was assigned to and participated in this case, but died before its final disposition.

FARLEY, Judge, filed the opinion of the Court, HOLDAWAY, Judge, filed a concurring statement.

FARLEY, Judge:

This case is before the Court on the appellant's application for an award of attorney fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. For the reasons set forth below, the Court will grant the appellant's application and order the award of attorney fees and expenses in the amount of $21,898.00.

## I.

By a panel opinion dated July 18, 1995, this Court vacated the Board of Veterans' Appeals (BVA) June 30, 1993, decision and remanded the matter. *Ussery v. Brown,* 8 Vet.App. 64 (1995). The Court found that the BVA had failed to properly apply the benefit-of-the-doubt rule and to provide the requisite statement of reasons or bases for its conclusion. *Id.* at 68. The Court issued its final judgment on August 2, 1995, and the appellant filed a timely application for attorney fees on October 16, 1995. In his application, the appellant contended that: (i) he is a prevailing party; (ii) his net worth did not exceed $2,000,000.00; and (iii) the position of the Secretary was not substantially justified. Appellant's Application for Attorney Fees (Appl.) at 2–3. The appellant also submitted an itemized statement of the services rendered and amounts of fees and expenses. Appl. at 4–10. The Court is satisfied that the application meets the jurisdictional requirements of 28 U.S.C. § 2412(d)(1)(A). The Secretary has conceded that the appellant has met the predicate findings to an EAJA award, *see Elcyzyn v. Brown,* 7 Vet. App. 170, 176 (1994), and is therefore entitled to an award of reasonable fees and expenses. Secretary's Response (Resp.) at 3. The Secretary argues only that some, but not all, of the hours expended by the appellant's attorney are excessive and therefore the award should be reduced. *Ibid.* The appellant responds that 72.5 attorney-hours and 7.25 hours of law clerk time were voluntarily eliminated from the number of hours for which compensation is requested, that the hours requested are reasonable, and that "the Sec-retary has not demonstrated otherwise." Appellant's Reply to the Secretary's Response (Reply) at 7.

## II.

Once it is determined that a claimant is entitled to an EAJA award, the Court still must determine what is a "reasonable" fee. *Uttieri v. Brown,* 7 Vet.App. 415, 418 (1995) (citing *Commissioner, INS v. Jean,* 496 U.S. 154, 160–61, 110 S.Ct. 2316, 2319–20, 110 L.Ed.2d 134 (1990)). In so doing, the Court must look to "the number of hours reasonably spent on the litigation multiplied by a reasonable hourly rate." *Elcyzyn,* 7 Vet.App. at 177 (citing *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983)). In determining the number of hours which were "reasonably spent," the Court may consider a number of factors, including whether the work performed was duplicative, if an attorney takes extra time due to inexperience, or if an attorney performs tasks normally performed by paralegals, clerical personnel, or other non-attorneys. *See Sandoval v. Brown,* 9 Vet.App. 177 (1996). The Court "may properly reduce the number of hours claimed for time spent in duplicative, unorganized, or otherwise unproductive efforts." *Vidal v. Brown,* 8 Vet. App. 488, 493 (1996) (citing *Jordan v. U.S. Department of Justice,* 691 F.2d 514, 518 (D.C.Cir.1982)). Finally, the Court may consider whether additional factors derived from the "results obtained" which may or may not justify an adjustment: "First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" *Elcyzyn,* 7 Vet.App. at 171 (citing *Hensley,* 461 U.S. at 434, 103 S.Ct. at 1940).

As noted above, the Secretary does not contest that the appellant is entitled to *some* award of attorney fees; nor does the Secretary contest the hourly rate the appellant seeks in his application. Resp. at 3. In fact, the Secretary stated that he "has no doubt that counsel for the appellant actually spent the amount of time claimed in the EAJA application." *Id.* at 4. The Secretary notes,

with some exceptions, that he "has no quarrel" with the number of hours spent on the appellant's attorney's preparation of the reply brief, the preparation and presentation of the oral argument, or the preparation of the EAJA application itself. *Ibid.* Specifically, the Secretary claims that the time spent on the tasks of record review and the preparation of a motion for summary reversal were excessive and therefore unreasonable. *Id.* at 4–5.

 Regarding the record review, the Secretary argues nothing more than "it is simply not reasonable to spend 34 hours reviewing the claims file and record in this case." *Id.* at 6. In the Secretary's view, "16 hours, or 2 entire working days, is a reasonable amount of time." *Ibid.* While the Court recognizes its responsibility to consider the reasonableness of hours expended, the Secretary has offered no evidence or standard for the Court to apply, other than his own apparent conclusion that, perhaps, a more efficient attorney might have been able to accomplish these tasks in less time. The bold yet bald statement that, in the Secretary's view, "it is simply not reasonable to spend 34 hours reviewing the claims file and the record in this case" is of no practical assistance to the Court due to the absence of any contextual reference such as, for example, the size of the claims file. Unsupported allegations of excessive time expended are insufficient to justify a reduction in hours. *Sandoval,* 9 Vet.App. at 181. Therefore, the Court has no choice but to find the hours claimed reasonable.

 The Secretary also claims that the number of hours spent on the preparation of a motion for summary reversal was excessive. With respect to the amount of time spent actually writing the motion and its review by a senior attorney, it appears that the basis for the Secretary's argument is again nothing more than his belief that another attorney could have done it faster. Without any evidence to support this conclusion, a reduction in the hours is not justified. *See Sandoval, supra.* The Secretary also argues that because the time spent reviewing the file included the preparation of a chronology of the claims file, that the time spent on

preparing a statement of the facts for the motion was a duplicated effort. *Resp.* at 6–7. The Secretary has offered no evidence that those two tasks were duplicative, and the Court can find no reason to make such an assumption. In fact, as the appellant argued in his Reply, the chronology may well have saved time in the preparation of the statement of facts. Finally, the Secretary claims that the hours spent by the appellant's law clerk on research for the motion were duplicative. Again the Secretary offers no evidence for this conclusion. The mere fact that two people researched the same motion does not indicate that they were researching the same issue, or that their efforts were duplicative. *See Sandoval,* 9 Vet.App. at 180. Accordingly, the Court has no choice but to find that the 69.5 hours spent in the preparation of the motion were reasonable, and the same is true with respect to the remainder of the Secretary's objections.

The Secretary has made no argument and the record does not reveal that there are any additional factors which would justify a reduction in fees based upon the "results obtained." *See, Elcyzyn, supra.* The Secretary does bring to the Court's attention the number of hours the Secretary is not disputing, and also notes that those hours, as well as the reduced hours proposed, are "very generous." Resp. at 8–9. In addition, the Secretary calls to the attention of the Court its efforts to reach a settlement in this case. However, the generosity and appropriateness of settlement do not in this instance serve as bases upon which the Court could justify a reduction in fees or expenses.

### III.

Upon consideration of the foregoing, the appellant's application for fees and expenses pursuant to 28 U.S.C. § 2412 is granted in the amount of $21,898.00.

It is so ORDERED.

HOLDAWAY, Judge, concurring:

It appears that the applicant, Mr. Ussery, who now applies for "reimbursement of attorneys's fees" under EAJA, was represented pro bono and thus did not either in fact or

in law incur attorney fees. The EAJA statute, 28 U.S.C. § 2412(d)(1)(A), as I read it, provides only for reimbursement to the prevailing party for "fees incurred." If fees have not been incurred, as is true in this case, then the plain language of the statute would seem to preclude an award of fees. *Cf. Gardner v. Derwinski,* 1 Vet.App. 584 (1991). I raise this only as an interesting point. I am aware that other appellate courts have grappled with this problem (perhaps "groped" would be the *mot juste* ) and have managed to evade the plain meaning of the statute. In a cursory review of a few of these cases I found them both sophistic and unpersuasive. Perhaps a more thorough, in-depth study would lead us to a different conclusion. However, the issue was not raised by the Secretary and is not before us. In the absence of a challenge by the Secretary to Mr. Ussery's standing to apply for reimbursement of fees where he never, apparently, incurred any I will concur in the award of fees in this case.