HOLDAWAY, Judge,
concurring:
I write separately in the present case simply to emphasize a point alluded to in the principal' opinion.
It is significant to note that the Court does not apply a sliding scale of billing rates even to attorneys seeking EAJA fees before the Court based on his or her level of experience or expertise. The Court routinely sets the billing rate for attorneys granted fees under the EAJA at the statutory rate of $125 per hour. The relevance of the level of experience of any particular attorney who seeks EAJA fees from the Court is useful only in considering the reasonableness of the number of hours for which compensation is sought. See, e.g. Hensley v. Eckerhart, 461 U.S. 424, 430 n. 3, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); Ussery v. Brown, 10 Vet.App. 51, 53 (1997). As experience is not a factor in determining the billing rate of attorneys seeking compensation under the EAJA, it is likewise inappropriate to consider experience in determining the billing rate of non-attorney practitioners. Further, setting a single billing rate for non-attorney practitioners provides consistency and prevents the squandering of valuable judicial resources, which would occur were the Court to allow parties repeatedly to litigate the issue of the appropriate rate for every non-attorney practitioner seeking fees from the Court. Assuming that each individual has relatively different expertise, it could lead to the absurdity of having a different billing rate for each and every non-attorney practitioner.