# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 02-1127

Steven W. Homan,                                             Appellant,

    and

No. 02-1128

Jaimee M. Homan,                                             Appellant,

    v.

Anthony J. Principi,
Secretary of Veterans Affairs,                               Appellee.

Before FARLEY, IVERS, and GREENE, *Judges*.

## O R D E R

The appellants are the son and daughter of the veteran, Steven C. Homan. On May 31, 2002, the Board of Veterans' Appeals (Board or BVA) issued two separate decisions regarding their claims for benefits. In the decision regarding the son, the BVA dismissed a claim for entitlement to education assistance benefits under chapter 35, title 38, U. S. Code, for periods of enrollment during the period before April 7, 1998. In the decision regarding the daughter, the BVA dismissed a claim for entitlement to education assistance for periods of enrollment from August 28, 1995, to March 30, 1997. Through the same counsel, the appellants filed separate appeals from their respective BVA decisions. In an order issued on September 12, 2002, the Court granted an unopposed motion filed by the appellants to consolidate their appeals.

On October 15, 2002, the Secretary filed the designation of the record on appeal (ROA). On December 18, 2002, the appellants filed a motion to compel the Secretary to transmit, as the ROA, a complete copy of the appellants' claims files ("C" files). In their motion, the appellants argue that a December 6, 2002, amendment to 38 U.S.C. § 7261 "effectively negate[s]" the need for the designation and counterdesignation of the ROA and requires the submission of each of the appellants' complete "C" files as the ROA. Appellants' Motion (Mot.) at 1-2. Further, the appellants assert that the Court should remove Rule 10 and amend Rules 11 and 33 of the Court's Rules of Practice and Procedure. *Id.* Because the counsel for the appellants has filed similar motions in more than 40 other appeals pending before the Court, the motion was referred to a panel for disposition.

On January 2, 2003, the Secretary filed his response in opposition to the appellants' motion. The Secretary argues that the amendment to 38 U.S.C. § 7261 does not require that a complete copy

of the "C" file be transmitted. Rather, the Secretary argues, the amendment "is in harmony with long-standing law and is merely a restatement of the language already contained in § 7252(b)." Secretary's Response at 4.

The amendment referenced by the appellants and the Secretary is found in title IV of the Veterans Benefits Act of 2002, Pub. L. No. 107-330, 116 Stat. 2820 (Dec. 6, 2002). The act amended section 7261(b) to read as follows:

> (b) In making the determinations under subsection (a), the Court shall review the record of proceedings before the Secretary and the Board of Veterans' Appeals pursuant to section 7252(b) of this title and shall–
>
> > (1) take due account of the Secretary's application of section 5107(b) of this title; and
>
> > (2) take due account of the rule of prejudicial error.

*See* Pub. L. No. 107-330, tit. IV, § 401(b), 116 Stat. 2832 (to be codified as amended at 38 U.S.C. § 7261(b)). As the Secretary points out in his opposition to the appellants' motion, 38 U.S.C. § 7252(b) has always provided that "[r]eview in the Court shall be on the record of proceedings before the Secretary and the Board."

The Court is not persuaded that the amendment to section 7261 deprives counsel of his opportunity or relieves him of his obligation to participate in the process of preparing the ROA. To the contrary, the Court agrees with the Secretary that the amendment merely restates language currently found in 38 U.S.C. § 7252(b). The inclusion of the "record of proceedings" language of section 7252 into section 7261 did not effect the sea change advocated by these appellants.

Nor is there anything in the legislative history to support the appellants' assertion that the amendment requires the Court to make a "searching review" of a veteran's entire "C" file. Appellants' Mot. at 2. Indeed, as the Joint Explanatory Statement of the compromise agreement passed by the Congress makes clear regarding the amendment to 38 U.S.C. § 7261(b), the focus of the "searching review" was upon BVA decisions, not "C" files:

> New subsection (b) would maintain language from the Senate bill that would require the Court to examine the record of proceedings before the Secretary and the BVA and the special emphasis during the judicial process on the benefit of the doubt provisions of section 5107(b) as it makes findings of fact in reviewing BVA decisions. . . . The combination of these changes is intended to provide a more *searching appellate review of BVA decisions*, and thus give full force to the "benefit of the doubt" provision.

148 CONG. REC. H9006 (daily ed. Nov. 14, 2002) (Explanatory Statement on House Amendment to Senate Bill, S. 2237) (emphasis added).

In his statement to the Senate urging passage of the compromise agreement, Senator Rockefeller, Chairman of the Senate Committee on Veterans' Affairs, stated:

> Section 401 of the Compromise Agreement would maintain the current "clearly erroneous" standard of review, but modify the requirements of the review the court must perform when making determinations under section 7261(a) of Title 38. [The court] would be specifically required to examine the record of proceedings–*that is, the record on appeal*–before the Secretary and the BVA. Section 401 would also provide special emphasis during the judicial process to the "benefit of the doubt" provisions of section 5107(b) as [the court] makes findings of fact in reviewing BVA decisions. The combination of these changes is intended to provide for more *searching appellate review of BVA decisions*, and thus give full force to the "benefit of doubt" provisions.

148 CONG. REC. S11334 (daily ed. Nov. 18, 2002) (statement of Sen. Rockefeller) (emphasis added).

A "searching appellate review of BVA decisions" would hardly be accomplished by requiring this Court to wade through a morass of pages from a claimant's "C" file irrelevant to the issues on appeal. The Court finds nothing in the plain language of the amendment or the legislative history to suggest that Congress intended such a waste of both the public fisc by requiring the Secretary to copy mounds of extraneous paper from entire "C" files and this Court's judicial resources by requiring the Court to examine heaps of irrelevant documents needlessly amassed in ROAs. Nor is there anything in the language of the statute or the Joint Explanatory Statement which lends even a modicum of support to the appellants' suggestion that Congress somehow relieved their counsel of his professional obligation to assist, on their behalf, in the preparation of the ROA.

Rather, when counsel who is familiar with the "C" file and material the BVA has considered, and who is schooled in the concepts of relevancy and materiality, provides an informed designation (and, if necessary, a counterdesignation) of relevant documents, the Court, the appellants, and the process of judicial review itself are far better served. This process, which is consistent with the practice followed by all other Federal courts of appeal responsible for performing judicial review of agency actions (*see, e.g.*, FED. R. APP. P. 10), provides counsel with the opportunity to ensure that issues important to his client are not clouded by superfluous matter crowding the ROA.

In *King v. Brown*, 5 Vet.App. 19 (1993), we explained why Rule 10 of this Court's Rules of Practice and Procedure specifically states that "the record on appeal may not include materials not relevant to the issues on appeal":

> [I]t is imperative that a distinction be drawn between the record on appeal and a veteran's claims or "C" file; the larger "C" file can contain a plethora of documents

3

having nothing to do with the claim or claims on review. Those documents, being irrelevant, are not necessary to a resolution of the claim on appeal and are not proper for designation for inclusion in the record on appeal. An increasing number of records on appeal have contained irrelevant, duplicative, unintelligible, and, in at least one case, extraneous privacy-sensitive material.

> . . . .

> . . . The designation process must not be viewed as an undisciplined dumping of documents from the "C" file as if the record on appeal were a bin into which the Secretary [or the appellant] pours documents which he guesses have been, or believes should have been, considered by the Board. The integrity of judicial review in this Court depends on the quality and completeness of the record on appeal. Quality and completeness, in turn, depend on the identification of all of the material of record which was "before the Secretary and the Board" *and* which is relevant to the issue(s) on appeal.

*King*, 5 Vet.App. at 22-23. The Court's reasoning in *King* as to why the ROA should not consist of the entire "C" file remains sound and, if anything, it is strengthened in force by the recent amendment to section 7261(b) and Senator Rockefeller's emphasis on the "record on appeal." Having found nothing to support the appellants' arguments that the Court depart from its longstanding practice of requiring that only relevant material be included in the ROA, we will deny the appellants' motion and decline, as well, their invitation that we remove Rule 10 and amend Rules 11 and 33.

Accordingly, it is

ORDERED that the appellants' motion to compel is denied. It is further

ORDERED that, within 30 days after the date of this order, the appellants file with the Clerk and serve on the Secretary a counterdesignation of the record or a statement that the appellants accept the content of the record as designated by the Secretary. It is further

ORDERED that these appeals are returned to the single judge for further proceedings.

DATED:      February 11, 2003                    PER CURIAM.

4