**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 02-1141 (E)

ROCHELLE E. ANDREWS, APPELLANT,

v.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before KRAMER, *Chief Judge*, and FARLEY and STEINBERG, *Judges*.

**O R D E R**

Before the Court is the appellant's application for an award of attorney fees and expenses in the amount of $7,109.20 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA). In a June 26, 2003, single-judge order, the Court granted in part the appellant's EAJA application. On July 10, 2003, the appellant filed a timely motion for reconsideration or, in the alternative, a panel decision. The Court will grant the appellant's motion for a panel decision and will revoke the June 2003 single-judge order, issuing this order in its stead. For the reasons that follow, the Court will grant in part the appellant's EAJA application.

The appellant, through counsel, appealed a June 24, 2002, Board of Veterans' Appeals (Board or BVA) decision that (1) had determined that new and material evidence had not been presented to reopen her claims for service connection for chemical burns of the scalp, a miscarriage, back pain, chronic vaginal infections, uterine fibroids, post-traumatic stress disorder, residuals of inoculations, residuals of smoke inhalation, residuals of contaminated drinking water, swelling of the face and throat, and residuals of insect bites, to include as due to an undiagnosed illness, and (2) had denied her claims for service connection for bilateral hammertoes and for dental and oral disorders, to include as due to an undiagnosed illness. In a February 6, 2003, order, the Court granted the parties' joint motion for remand, vacated that Board decision, and remanded the matters pursuant to *Quartuccio v. Principi*, 16 Vet.App. 183, 187 (2002), and *Charles v. Principi*, 16 Vet.App. 370, 373-74 (2002). On February 12, 2003, the appellant filed an EAJA application. The Secretary, on March 14, 2003, filed a response in which he concedes that the appellant is a prevailing party and that the Secretary's position was not substantially justified. He asserts, however, that the requested fee is unreasonable. Subsequently, the appellant, on April 14, 2003, filed a reply to the Secretary's response.

This Court has jurisdiction to award attorney fees pursuant to 28 U.S.C. § 2412(d)(2)(F). The February 12, 2003, EAJA application met the jurisdictional requirements because it was filed within the 30-day EAJA application period and because it contained (1) a showing that the applicant is a prevailing party; (2) a showing that she is a party eligible for an award because her net worth does

not exceed $2,000,000; (3) an allegation that the Secretary's position was not substantially justified; and (4) an itemized statement of the attorney fees and expenses sought. *See* 28 U.S.C. § 2412(d)(1)(B); *Scarborough v. Principi*, 319 F.3d 1346, 1349-55 (Fed. Cir. 2003); *Bazalo v. West*, 150 F.3d 1380, 1383-84 (Fed. Cir. 1998).

As to prevailing-party status, the Secretary concedes and the Court finds that the appellant, by virtue of obtaining a merits-stage remand predicated upon VA error, is a prevailing party. *See Sumner v. Principi*, 15 Vet.App. 256, 264-65 (2001) (en banc), *aff'd sub nom. Vaughn v. Principi*, 336 F.3d 1351 (Fed. Cir. 2003). With respect to substantial justification, because the Secretary also concedes this issue, the Court need not further address it. *See Cullens v. Gober*, 14 Vet.App. 234, 237 (2001) (en banc) (once appellant alleges lack of substantial justification, burden shifts to Secretary to prove that VA was substantially justified in administrative and litigation positions); *Cook v. Brown*, 6 Vet.App. 226, 237 (1994) (Court need not address whether Secretary's position was "substantially justified" when Secretary did not assert such defense but expressly conceded issue), *aff'd*, 68 F.3d 447 (Fed. Cir. 1995).

The Court thus concludes that the appellant is entitled to an EAJA award. Hence, the Court must determine what amount constitutes reasonable attorney fees in this case. *See* 28 U.S.C. § 2412(d)(2)(A); *Perry v. West*, 11 Vet.App. 319, 327 (1998). "The Court has wide discretion in the award of attorney fees under the EAJA." *Chesser v. West*, 11 Vet.App. 497, 501 (1998). "[T]he 'product of reasonable hours times a reasonable rate' normally provides a 'reasonable' attorney's fee." *Blum v. Stenson*, 465 U.S. 886, 897 (1984) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "The [Court] must determine not just the actual hours expended by counsel, but which of those hours were reasonably expended in the litigation." *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983). In that regard, the Court will consider whether the hours claimed were (1) unreasonable on their face, (2) otherwise contraindicated by the factors itemized in *Hensley*, 461 U.S. at 430, or *Ussery v. Brown*, 10 Vet.App. 51, 53 (1997), for measuring reasonableness, or (3) persuasively opposed by the Secretary. *See Chesser*, 11 Vet.App. at 501-02. This Court "may consider a number of factors, including whether the work performed was duplicative, if an attorney takes extra time due to inexperience, or if an attorney performs tasks normally performed by paralegals, clerical personnel, or other non-attorneys," *Ussery*, 10 Vet.App. at 53, and "may properly reduce the number of hours claimed for time spent in duplicative, unorganized, or otherwise unproductive efforts," *Vidal v. Brown*, 8 Vet.App. 488, 493 (1996). "'Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority.'" *Hensley*, 461 U.S. at 434 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc)). The applicant bears the burden of demonstrating the reasonableness of the fee request. *Blum*, 465 U.S. at 897.

In her EAJA application, the appellant requests reimbursement for $7,064.20 in attorney time (48.85 hours at $144.61 per hour) and $45 in expenses. The Secretary does not contest the $144.61 hourly rate or the $45 in expenses but requests that the Court reduce the number of hours of attorney time. First, as argued for by the Secretary (*see* Response (Resp.) at 6), the Court will reduce the requested hours by the 1.35 hours sought for attorney time spent on two motions for extension of time to file the counter designation of the record (CDR). As to the first CDR-extension motion, the

appellant's counsel's itemized statement (IS) attached to the EAJA application reflects that counsel undertook no work on the CDR between the time (albeit brief) that he received the appellant's claims file and filed the appellant's first motion for an extension of time. EAJA Application, Exhibit (Ex.) 2 at 2. As to the second extension motion, the IS reflects that the appellant's counsel apparently waited until seventeen days after receiving the appellant's claims file and until seventeen days before the first extension of time expired to begin any work on the CDR. *Id.* The IS further reflects that, after the appellant requested that second extension, the appellant's counsel waited twenty-eight days (five days prior to the expiration of that second extension) purportedly to undertake any more work on the CDR. *Id.* Given these circumstances, the Court finds that counsel's own actions necessitated the appellant's request for both extensions of time to file the CDR and, therefore, will exercise its discretion to deny EAJA fees for the claimed attorney time. *See Hensley v. Principi*, 16 Vet.App. 491, 499 (2002) (reducing attorney-time hours where, "had the appellant's counsel more efficiently managed his workload," extensions of time might not have been necessary); *Chesser*, 11 Vet.App. at 501 (Court has wide discretion in award of EAJA fees); *Perry*, 11 Vet.App. at 328-29 (Court has discretion to order reduction in attorney fees where Court finds it appropriate); *Vidal*, *supra* (EAJA fees not awarded for duplicative, unorganized, or unproductive efforts).

In addition, as argued for by the Secretary (*see* Resp. at 6-7), the Court will reduce the requested hours by the 1.6 hours sought for time spent by the appellant's counsel relating to a motion to compel, in which counsel argued that recent amendments to 38 U.S.C. § 7261 "effectively negate[d] the need for the designation [(DOR)] and counter[]designation of the record" under Rule 10 of this Court's Rules of Practice and Procedure and that, therefore, the appellant's entire VA claims file should be transmitted to the Court as the record on appeal. December 18, 2002, Motion (Mot.) at 2; *see* Veterans Benefits Act of 2002, Pub. L. No. 107-330, § 401, 116 Stat. 2820, 2832 (VBA). The Court finds that time spent on such an unsupported motion is not consistent with the advocacy that the EAJA is intended to compensate (*see Chesser*, 11 Vet.App. at 504) and that, because such time is not properly billable to the appellant, those 1.6 hours are not properly billable under the EAJA (*see Hensley*, 461 U.S. at 434). *See Hensley*, 16 Vet.App. at 501 ("touchstone in determining whether fees ought to be awarded [for making an unsuccessful argument] is whether the argument was reasonable"); *see also Homan v. Principi*, 17 Vet.App. 1, 2-4 (2003) (per curiam order) (Court denied appellants' motions to compel after finding "nothing" in either language or legislative history of VBA amendments to support appellants' arguments). (The Court notes that the appellants' counsel in *Homan* and the appellant's counsel in the instant case are the same.)

Finally, as to a further disallowance requested by the Secretary, the Court will reduce the attorney-time hours by the 40 hours sought for "[p]repar[ation of] procedural history from claims file records and review of records for prep[aration] of CDR" (6 hours), "[p]repar[ation of] medical history from claims file records and review of records for CDR prep[aration]" (32 hours – 4 entries of 8 hours each), and "[r]eview of claims file records and DOR records for prep[aration] of CDR" (2 hours). EAJA Application, Ex. 2 at 2; *see* Resp. at 4-5. With respect to these hours, the Court notes the following. First, all but the final 2 hours are listed in blocks of time in excess of 3 hours, and each entry provides only a brief and often vague description of what took place during those

3

hours. EAJA Application, Ex. 2 at 2. Despite the fact that, in several previous cases, the Court has provided counsel for the appellant with clear guidance regarding the appropriate level of specificity on attorney itemizations, he has listed these tasks primarily in blocks of 8 hours (with one 6-hour block of time and one 2-hour block of time) and again has failed to provide sufficient detail as to the time spent preparing the procedural and medical history and reviewing records for preparation of the CDR. *See generally Davis v. Principi*, No. 98-1889, 2002 WL 31429112, at *4 (Vet. App. Oct. 18, 2002); *Reid v. Principi*, No. 98-899, 2001 WL 578517, at * 2 (Vet. App. May 22, 2001); *LaFountaine v. Gober*, U.S. Vet. App. No. 98-1333 (ord. Aug. 14, 2000). In this regard, the Court notes, for counsel's edification and contrary to his assertions on behalf of the appellant (*see* July 10, 2003, Mot. at 5-6), that these Court orders are cited, not as precedent, but as examples of this Court's previous cautions to this same counsel regarding the detail needed in the IS that he submits on behalf of an appellant seeking EAJA fees. Further, at least 10 of the 40 hours appear to relate to work undertaken after the appellant's second motion for extension of time (discussed above) expired, with 34 of the hours apparently undertaken within days of that expiration. Additionally, although it is not entirely clear what work the appellant's counsel was undertaking, the Court notes that some of the listed activities appear to be work that might not be required for the filing of a CDR. Although work not required for preparation of the CDR may be able to be justified at the CDR stage, it cannot be justified simply as "for CDR prep[aration]." EAJA Application, Ex. 2 at 2 ("[p]repared medical history from claims file records *and* review of records *for* CDR prep" (emphasis added)); *see* Reply at 2-4 (to same effect). Moreover, counsel for the appellant has not indicated whether any hours spent on these activities were excluded based on the exercise of billing judgment. For these reasons, the Court finds it appropriate to exclude as unreasonable these 40 hours of attorney time. *See Blum*, 465 U.S. at 897 (showing reasonableness is applicant's burden); *Hensley,* 461 U.S. at 433-34 (court may reduce award based on inadequate documentation of hours); *Perry,* 11 Vet.App*.* at 327-29; *Ussery*, 10 Vet.App. at 53; *see also Vidal*, 8 Vet.App. at 493.

Accordingly, based on the circumstances of this case, the Court concludes that a total of 5.9 (48.85 hours reduced by 42.95 hours) hours is reasonable (*see Chesser*, 11 Vet.App. at 501-02) and therefore will grant the appellant's EAJA application in part for a total of $898.20 ($853.20 in attorney time and $45 in expenses).

On consideration of the foregoing, it is

ORDERED that the appellant's motion for a panel decision is granted. It is further

ORDERED that the Court's June 26, 2003, order is revoked and that this order is issued in its stead. It is further

ORDERED that the appellant's February 12, 2003, EAJA application is GRANTED in part in the amount of $898.20.

DATED:        October 22, 2003                          PER CURIAM.