# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 09-0824(E)

Michael J. Osbon, Appellant,

v.

Eric K. Shinseki,
Secretary of Veterans Affairs, Appellee.

Before HAGEL, *Judge*.

## O R D E R

*Note: Pursuant to U.S. Vet. App. R. 30(a),
this action may not be cited as precedent.*

Before the Court is Michael J. Osbon's October 16, 2009, application pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA), for an award of attorney fees and expenses in the amount of $8,222.55. The Secretary has filed a response in which he concedes that Mr. Osbon is a prevailing party and that the Secretary's position was not substantially justified. However, the Secretary asserts that the amount of fees sought should be reduced because it is unreasonable, excessive, and redundant. Secretary's Response at 2. For the reasons that follow, the Court will grant in part Mr. Obson's EAJA application in the amount of $1,372.80.

The Court has jurisdiction pursuant to 28 U.S.C. § 2412(d)(2)(F) to award reasonable attorney fees and expenses. In this case, Mr. Osbon filed his EAJA application within the 30-day time period set forth in 28 U.S.C. § 2412(d)(1)(B). *See Scarborough v. Principi*, 541 U.S. 401, 408 (2004). The Secretary does not contest that an award of fees is appropriate in this case, and the Court will not find otherwise. Because it is not in question that Mr. Osbon is entitled to an EAJA award, the Court is left only to determine the reasonableness of the amount sought. *See* 28 U.S.C. § 2412(d)(2)(A); *Ussery v. Brown*, 10 Vet.App. 51, 53 (1997).

The burden of demonstrating the reasonableness of the fee request rests with the appellant, the party applying for the fees. *See Blum v. Stenson*, 465 U.S. 886, 897 (1984). The amount of the fee must be determined on the facts of each case. *See Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). Moreover, the applicant is not necessarily entitled under the EAJA to be compensated for all time spent on the case. *See Ussery*, 10 Vet.App. at 53. Indeed, the inquiry does not end once the applicant has compiled raw totals of hours spent because, "'it does not follow that the amount of time *actually* expended is the amount of time *reasonably* extended.'" *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983) (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc)). The Court, in making a determination as to the reasonableness of the fee request, possesses significant discretion. *See Chesser v. West*, 11 Vet.App. 497, 501 (1998).

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the . . . court may reduce the award accordingly." *Id.* "[F]or EAJA fees to be awarded in full, an applicant must submit evidence of hours worked in the form of a billing statement that is specific and detailed." *Baldridge v. Nicholson*, 19 Vet.App. 227, 235 (2005). In addition, "the Court may consider a number of factors, including whether the work performed was duplicative, if an attorney takes extra time due to inexperience, or if an attorney performs tasks normally performed by paralegals, clerical personnel, or other non-attorneys." *Ussery*, 10 Vet.App. at 53.

In determining the proper amount for the award reduction, "the Court in this case will not attempt to identify particular hours for disqualification but will exercise judgment and reduce all billing by an appropriate percentage." *Baldridge*, 19 Vet.App. at 241.

As a preliminary matter, the Court notes that the Secretary does not object to the $21.15 Mr. Osbon requests as expenses, and the Court will therefore not disturb that amount.

Mr. Osbon seeks fees for 40.4 hours of work performed by his attorney and 21.2 hours of work performed by his attorney's paralegal. Mr. Osbon contends that this case was staffed in the same manner that small law firms traditionally use in litigation.

With respect to the attorney fees sought in this case, the Secretary makes a number of objections:

(1) The Secretary first contends that Mr. Osbon's attorney "impermissibly requests fees for clerical work, most egregiously the 1.6 [hours] of paralegal time on January 23, 2009, spent preparing, reviewing, and mailing appeals documents to [Mr. Osbon]." Secretary's Response at 5. The Secretary notes that other impermissibly billed clerical tasks including copying the Board decision for the permanent file on March 11, 2009, and receiving the record before the agency (3.10 hours attorney time). Secretary's Response at 6.

(2) Second, the Secretary argues that "spending ninety-six minutes preparing and mailing standard documents, and another 186 minutes 'receiving' documents is excessive." *Id.*

(3) Third, the Secretary argues that Mr. Osbon's attorney has not demonstrated the reasonableness of the amounts charged for simple tasks and receipt of routine documents. The Secretary notes that Mr. Osbon's attorney billed for 13 line items for a total of 2.1 hours for tasks such as reviewing the Secretary's pleadings. Secretary's Response at 6.

(4) Fourth, the Secretary contends that Mr. Osbon's attorney unreasonably and excessively billed for repetitive actions completed by his paralegal. For example, Mr. Osbon's attorney and paralegal reviewed the Board decision a minimum of four times, for a total of 4.5 hours.

The Secretary argues that four reviews is duplicative, excessive, and unproductive. Secretary's Response at 9-10. The Secretary also contends that Mr. Osbon's attorney double billed for attorney and paralegal time during meetings. Further, he contends that Mr. Osbon's attorney does not disclose the experience or education level of the paralegal, so the extra billing for $90.00 per hour for such meetings is not justified.

(5) Fifth, the Secretary then argues that Mr. Osbon's attorney billed an unreasonable amount of time for review of the record for possible counter-designation.

(6) Sixth, the Secretary states that Mr. Osbon's attorney spent 3.30 hours reviewing and annotating two copies of the Record Before the Agency, and that this is excessive and unnecessarily duplicative. In addition, 6.6 hours of paralegal time were documented as also reviewing the record and the claims file.

(7) Seventh, the Secretary argues that Mr. Osbon's attorney's statement of time and expenses contains vague billing descriptions, such as 1.70 hours reviewing statutes, regulations and case law, defense strategies and evaluating the case for appeal. The Secretary continues that this is only a minute portion of Mr. Osbon's attorney's impermissibly vague billing practices. Secretary's Response at 11-12.

(8) Eighth, the Secretary argues that Mr. Osbon's attorney unreasonably billed the government for corrective actions taken pursuant to a delay caused by his counsel, and that the Government should not bear the cost of his ineffeciency. In this regard, Mr. Osbon's attorney billed .10 hours for receiving a notice of nonconforming papers, .30 hours to prepare and resubmit the motion, and .30 hours for receiving and reviewing the clerk's order granting the motion *nunc pro trunc*.

(9) Finally, the Secretary argues that Mr. Osbon's attorney's fees include excessive and duplicative time for drafting the EAJA application. Mr. Osbon's attorney claims 11.8 hours of attorney time and 5.2 hours of paralegal time for the preparation of these documents, for a total of 17 hours. The Secretary maintains that this is unreasonable because "the argument portion of [Mr. Osbon]'s EAJA application consists of pages of boilerplate language that is identical to recent EAJA applications submitted by [Mr. Osbon's] counsel in at least five separate cases." Secretary's Response at 17. The Secretary continues that Mr. Osbon's attorney's application contains several inconsistencies, such as reviewing a brief that was not filed and the number of pages in the Board decision, and that he billed duplicatively for attorney and paralegal time on his application.

As noted above, the burden of demonstrating the reasonableness of the fee request rests with Mr. Osbon, the party applying for the fees. *See Blum v. Stenson*, 465 U.S. at 897. Here, the Court notes that Mr. Osbon did not file a reply to the Secretary's response to his EAJA application. Further, in his initial application, Mr. Osbon merely asserts that his fees are reasonable, and does not provide any detailed explanation as to why they are reasonable. Because Mr. Osbon's lawyer, whose

3

duty it is to justify the fee, has not responded to the objections raised by the Secretary, the Court finds that the Secretary's challenges are uncontested.

The Court agrees that the entries identified by the Secretary are entirely clerical in nature, unreasonably excessive or duplicative, and therefore are not billable to the government. *See Baldridge*, 19 Vet.App. at 236 ("Applicants are not permitted to bill for and collect fees for clerical work and the work of general support staff."). The Court further agrees that the government should not be billed for Mr. Osbon's attorney's inefficiency in preparing corrective documents and his EAJA application. *See Hensley v. Principi*, 16 Vet.App. 491, 498 (2002) ("The Court 'may properly reduce the number of hours claimed for time spent in duplicative, unorganized, or otherwise unproductive efforts.'" (*citing Vidal v. Brown*, 8 Vet.App. 488, 493, 1996)). The Court will therefore reduce the fees sought by Mr. Osbon's attorney by 75%.

The Court also notes that, with regard to the 21.1 requested hours of paralegal time, Mr. Osbon's attorney does not set forth anywhere in his application the qualifications and experience of the paralegal. As such, the Court is unable to determine whether the hourly rate requested for the paralegal is appropriate. The Court will therefore discount these fees. *See Baldridge*, 19 Vet.App. at 233 (holding that an EAJA applicant bears the burden of demonstrating that fees sought are reasonable); *Sandoval v. Brown*, 9 Vet.App. 177, 181 (1996) (holding that a party must first establish a prevailing market rate, then the opposing party has the burden of producing evidence to show that the market rate is erroneous).

The Court further observes a very disturbing billing practice. The Secretary brings to the Court's attention three other applications for fees under the EAJA submitted by Mr. Osbon's lawyer. *See Gleason v. Shinseki*, Docket No. 07-3203; *Dalrymple v. Shinseki*, Docket. No. 08-3543; *Devich v. Shinseki*, Docket No. 08-3631.[1] Those applications range from 15 to 19 pages, the average being 16.5 pages. In *each* of these applications, the first 10 pages contain boilerplate language regarding the elements that must be pled to qualify for fees and expenses under EAJA. These 10 pages in the named appeals are identical, word for word. However, Mr. Osbon's lawyer charges each of his clients for the preparation of these 10 identical pages as if they were originally prepared for the client. The only thing that varies in each of these fee applications is the amount of time claimed to have been spent on each of the activities reported to have been performed for the client, i.e., the billing statement intended to support the amount of fees claimed.

That is not to say that including the recitations of the law regarding the elements that the appellant must show to qualify for EAJA fees is somehow wrong; however, the practice of charging at least four clients for mostly the *same* work is. Such a practice results in an unreasonable fee for the lawyer. *See In re Wright*, 290 B.R. 145, 153 (Bkrtcy. C.D. Cal. 2003) (stating that "'[t]he practice of billing several clients for the same time or work product, since it results in the earning of an unreasonable fee . . . is contrary to the mandate of the Model Rules.'" (quoting ABA Formal Opinion

---

[1]The Court only cites these three cases as evidence to support the factual conclusions upon which the findings of unreasonableness of certain charges are based, not for precedential value, as this is prohibited by Rule 30(a).

No. 93-379 (Dec. 6, 1993)); *see also Baldridge*, 19 Vet.App. at 235 ("In determining reasonableness, the Court must also scrutinize whether the time expended for any given, described task is appropriate."); *Vidal v. Brown*, 8 Vet.App. 488, 493 (1996) (reducing number of hours billed for time spent performing a duplicative effort).

In this regard the Court notes that, but for the Secretary's astute recognition of this practice, it may have escaped the Court's attention.

Lastly, the amount of time claimed to assemble, calculate, and check the time and billing statements in these cases is excessive. Mr. Osbon's lawyer charged him $2,308.80 for the acts related to preparing and submitting the fee application. In the cases of *Gleason*, *Dalrymple*, and *Devich*, all of which preceded the submission of the fee application in Mr. Osbon's case, the same lawyer charged his clients $2,136.60, $1,770, and $2,090.40, respectively, again solely for drafting and reviewing the amounts charged (and perhaps the boilerplate language mentioned above) in the fee application. Although some of this activity, that is the assembly of the billing statement, was unique to each case, most of the content of these applications is identical.

The Court gives greater weight to billing records that are contemporaneously kept. Indeed, this is the preferred and, in some jurisdictions, required practice. *See Johnson v. Mortham*, 950 F.Supp. 1117, 1124 (N.D. Fla., 1996) (noting that attorneys must comply with Local Rule 54.1, which requires attorneys to "[m]aintain a complete, separate, and accurate record of time (to the nearest 1/10 of an hour) devoted to the particular action, *recorded contemporaneously* with the time expended, for each attorney and each specific activity involved in the action (i.e., not just 'research' or 'conference')" (emphasis added); *Kyser v. Apfel*, 81 F.Supp.2d 645, 647 (W.D. Va., 2000) (EAJA fees awarded when counsel was able to show "that the hours claimed were actual hours expended and that they were recorded contemporaneously.").

Thus, the extended time (and thus fees) charged to Mr. Osbon by his lawyer ($2,308.80) to compile, calculate, and check the number of hours spent in his case at the very least evidences inefficient record keeping resulting in an unreasonable amount of time billed for this purpose. Thus, a portion of this time may not be charged to Mr. Osbon. *See Baldridge*, 19 Vet.App. at 233-34.

In sum, the Court believes that the time billed by Mr. Osbon's attorney was excessive and duplicative, and therefore will reduce the total hours billed by 80%, from 40.4 hours to 8.8 hours attorney time and will eliminate the fees charged for paralegal time. *See Baldridge*, *supra*. The Court will therefore award $1,372.80 in total fees and expenses to Mr. Osbon.

5

Upon consideration of the foregoing, it is

ORDERED that Mr. Osbon's EAJA application is granted in the amount of $1,372.80.


DATED: April 23, 2010                                   BY THE COURT:

                                                        /s/ Lawrence B. Hagel

                                                        LAWRENCE B. HAGEL
                                                        Judge


Copies to:

Calvin Hansen, Esq.

VA General Counsel (027)