# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 04-1385(E)

CATHLEEN E. GOLDEN, APPELLANT,

V.

SLOAN D. GIBSON,
ACTING SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appellant's Application for Attorney Fees and Expenses

(Decided June 25, 2014)

*John F. Cameron* of Montgomery, Alabama, was on the pleading for the appellant.

*Bryan W. Thompson*, with whom *Will A. Gunn*, General Counsel; *David L. Quinn*, Acting Assistant General Counsel; and *Nisha C. Hall*, Deputy Assistant General Counsel, all of Washington, D.C., were on the pleading for the appellee.

Before SCHOELEN, PIETSCH, and GREENBERG, *Judges*.

PIETSCH, *Judge*: Cathleen E. Golden applies through counsel for an award of attorney fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), in the amount of $36,442.13, for work performed during more than eight years of litigation from November 2004 through June 2013.[1] Appellant's Application for an Award of Reasonable Attorney Fees and Expenses at 1-5. The Secretary filed a response to that application disputing only the reasonableness of the amount of fees sought by Ms. Golden. Secretary's Response (Resp.) at 1-30.

This case was submitted for panel consideration to determine whether attorney travel time is compensable and, if so, at what hourly rate. On April 10, 2014, the Court ordered the parties to submit additional briefing addressing that issue as well as the legality of Ms. Golden's fee agreement,

---

[1] This amount includes 180.8 hours of work billed at $168.42 per hour, and $5,991.79 for expenses.

which did not contain an offset provision for costs and expenses recovered as part of an EAJA award. In her response to the second issue, Ms. Golden submitted an amended fee agreement that does include a provision explicitly offsetting the expenses and fees awarded under EAJA. Based on this submission, the Court finds the amended fee agreement reasonable. *See Carpenter v. Principi*, 15 Vet.App. 64, 73 (2001). For the reasons set forth below, the Court will grant Ms. Golden's EAJA application in part.

## I. FACTS

In August 2004, the Board denied Ms. Golden's motion for reconsideration of a February 13, 2001, Board decision that denied entitlement to an initial disability rating higher than 30% for service-connected depression. Ms. Golden appealed that decision to this Court. The Court dismissed her appeal as untimely, finding that she did not seek reconsideration of the Board's February 2001 decision within 120 days of that decision and, thus, the appeal period had not been tolled. Ms. Golden appealed that decision to the United States Court of Appeals for the Federal Circuit (Federal Circuit), and the Federal Circuit remanded the matter to this Court pursuant to its decision in *Barrett v. Nicholson*, 466 F.3d 1038 (Fed. Cir. 2006).

The Court subsequently stayed Ms. Golden's case "pending the disposition of *Henderson* (05-0090)." Court order July 31, 2007. Ms. Golden submitted new evidence in August 2008, and the Court lifted its stay and again dismissed her case. Ms. Golden again appealed to the Federal Circuit, which stayed her case. On May 25, 2011, the Federal Circuit vacated this Court's decision pursuant to *Henderson v. Shinseki*, 131 S. Ct. 1197, 1201 (2011) (*Henderson*). This Court subsequently reinstated Ms. Golden's appeal and consolidated the case with another appeal she had pending before the Court. On June 12, 2013, the parties submitted a joint motion for remand, which was granted by the Court on June 20, 2013.

## II. ANALYSIS

The Court has authority to award attorney fees and expenses under EAJA where the appellant's application is filed within 30 days after the Court's judgment becomes final. *See* 38 U.S.C. § 7291(a); U.S. VET. APP. R. 39. The application must contain (1) a showing that the

appellant is a prevailing party; (2) a showing that the appellant is a party eligible for an award because her net worth does not exceed $2,000,000; (3) an allegation that the Secretary's position was not substantially justified; and (4) an itemized statement of the fees and expenses sought. 28 U.S.C. § 2412(d)(1)(A), (1)(B), (2)(B); *Scarborough v. Principi*, 541 U.S. 401, 407–08 (2004); *Cullens v. Gober*, 14 Vet.App. 234, 237 (2001) (en banc).

The Secretary does not dispute that Ms. Golden meets the threshold requirements for an EAJA award or the hourly rate stated in her application. Instead, the Secretary asserts that the amount sought is not reasonable. Because the Court agrees that Ms. Golden meets the statutory requirements for eligibility for an award, the Court is left to determine only what amount constitutes reasonable attorney fees and expenses in this case. *See* 28 U.S.C. § 2412(d)(2)(A); *Perry v. West*, 11 Vet.App. 319, 327 (1998).

"The Court has wide discretion in the award of attorney fees under the EAJA." *Chesser v. West*, 11 Vet.App. 497, 501 (1998). "[T]he 'product of reasonable hours times a reasonable rate' normally provides a 'reasonable' attorney's fee." *Blum v. Stenson*, 465 U.S. 886, 897 (1984) (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The Court must determine which of the hours expended by counsel were reasonable. *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983). "In that regard, the Court will consider whether the hours claimed were (1) unreasonable on their face, (2) otherwise contraindicated by the factors itemized in *Hensley*, 461 U.S. at 430 n.3, or *Ussery v. Brown*, 10 Vet. App. 51, 53 (1997), or (3) persuasively opposed by the Secretary." *McCormick v. Principi*, 16 Vet.App. 407, 413 (2002); *see Chesser*, 11 Vet.App. at 501-02.

This Court "may consider a number of factors, including whether the work performed was duplicative, if an attorney takes extra time due to inexperience, or if an attorney performs tasks normally performed by paralegals, clerical personnel, or other non-attorneys." *Ussery*, 10 Vet.App. at 53. The Court "may properly reduce the number of hours claimed for time spent in duplicative, unorganized, or otherwise unproductive efforts." *Vidal v. Brown*, 8 Vet.App. 488, 493 (1996); *see also Baldridge v. Nicholson*, 19 Vet.App. 227, 236 (2005). "'Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority.'" *Hensley*, 461 U.S. at 434 (*quoting Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc)). The

applicant bears the burden of demonstrating the reasonableness of the fee request. *Blum*, 465 U.S. at 897.

## A. Attorney Travel Time

The award of fees for travel time varies among Federal courts, and the Federal Circuit has not specifically ruled on this issue. Several courts compensate attorney travel time at the full hourly rate, reasoning that counsel could normally bill a client for travel time and that, while traveling, an attorney is not able to work on another case. *See International Woodworkers of Am. v. Donovan*, 792 F.2d 762, 767 (9th Cir.1985) (items routinely billed to a client, including attorney travel, are recoverable under EAJA); *see also Henry v. Webermeier*, 738 F.2d 188, 194 (7th Cir. 1984) ("When a lawyer travels for one client he incurs an opportunity cost that is equal to the fee he would have charged that or another client if he had not been traveling."). Other courts allow attorney travel time to be reimbursed, but at a reduced rate, being disinclined to compensate travel time at a professional rate. *See Cooper v. U.S. R.R. Ret. Bd.*, 24 F.3d 1414, 1417 (D.C. Cir. 1994) (awarding compensation of travel time at half of the base hourly rate); *see also Furtado v. Bishop*, 635 F.2d 915, 922 (1st Cir. 1980). In other cases, attorney travel time is not compensated. *See Priestley v. Astrue*, 651 F.3d 410, 419 (4th Cir. 2011).

The Secretary objects to the 13.10 hours billed by Ms. Golden for the time her attorney spent traveling between Montgomery, Alabama, and Washington, D.C., for oral argument before the Federal Circuit. The Secretary argues that billing for travel time is not reasonable or, in the alternative, that billing at the full hourly rate is not reasonable. Ms. Golden states that the travel time to attend oral argument was necessary and, therefore, may be compensated under EAJA.

One purpose of EAJA is to eliminate financial barriers prohibiting individuals from vindicating their rights against the Government through litigation. *Scarborough*, 541 U.S. at 406; *Sullivan v. Finkelstein*, 496 U.S. 617, 630 (1990). EAJA is of added importance in veterans' cases, "where it 'helps to ensure that [veterans] will seek an appeal when the [Department of Veterans Affairs] has failed in its duty to aid them or has otherwise erroneously denied them the benefits that they have earned.'" *Wagner v. Shinseki*, 733 F.3d 1343, 1344 (Fed. Cir. 2013) (*quoting Kelly v. Nicholson*, 463 F.3d 1349, 1353 (Fed. Cir. 2006) (alterations in *Wagner*)). We also note that attorneys who represent veterans and their survivors provide value both to their clients and to the

courts before which they practice, and we want to encourage that representation. Based on the importance of EAJA in adjudicating veterans' cases, we determine that attorney travel time is compensable at the full hourly rate, if the fees sought for travel time are reasonable.

In compensating attorney travel time, any fees sought still must be reasonable. *See Hensley*, 461 U.S. at 430; *see also Chesser*, 11 Vet.App. at 503 (reviewing the reasonableness of the hours claimed by an appellant). In conjunction with demonstrating generally that the fees sought are reasonable, an appellant seeking EAJA fees for travel time must address the necessity of the travel time in adjudicating the case. *See Blum*, 465 U.S. at 897 (stating that the appellant bears the burden of demonstrating that the number of hours for which reimbursement is sought is reasonable). Because our Court and the Federal Circuit are courts of national jurisdiction with the majority of claimants and attorneys living outside of Washington, D.C., travel may often be required. *Contra Ramos*, 713 F.2d at 559 ("However, because there is no need to employ counsel from outside the area in most cases, we do not think travel expenses for such counsel between their offices and the city in which the litigation is conducted should be reimbursed."). We find that, in this case, travel time for oral argument before the Federal Circuit was necessary, and the amount of time billed for travel is reasonable. Therefore, we will award 13.10 hours of travel time at the full hourly rate.

## B. Other Contested Fees and Expenses

In response to Ms. Golden's EAJA application, the Secretary disputes several other claimed fees and expenses, which he asserts are unreasonable. First, the Secretary argues that Ms. Golden's counsel was not reasonable in billing for the time spent drafting a brief to the Federal Circuit, because counsel was aware that *Henderson* was pending and controlled the outcome of her case. Therefore, the Secretary argues that Ms. Golden should have sought a stay of proceedings instead of submitting a brief. The Secretary also notes that the brief that was filed did not affect the favorable outcome of her case. In the alternative, the Secretary argues that certain hours spent drafting the brief to this Court were not reasonable, particularly the hours after a March 14, 2013, briefing conference.

Ms. Golden replies that the Department of Justice refused to agree to a stay of proceedings until April 9, 2009, after her brief was due. She also states that, although her case was not ultimately decided based on her brief, the brief addressed her argument concerning equitable tolling and she

was still required to file a brief for her appeal to remain viable. Regarding the time spent drafting a brief to this Court following the remand by the Federal Circuit, Ms. Golden notes that the parties did not settle the case following the March 14, 2013, briefing conference, but instead filed a joint motion to stay the case on May 13, 2013, and later filed a joint motion for a partial remand in June 2013. Until the Court approved the motion to stay proceedings, Ms. Golden argues that she was required to file a brief in this matter and, thus, did not engage in unnecessary work.

After reviewing the parties' arguments, as well as the relevant docket entries and filings, the Court agrees that billing for preparing the briefs in this appeal, both before this Court and before the Federal Circuit, was reasonable, as the issues on appeal were still pending and Ms. Golden was required to file a brief to maintain her appeal. The Court will therefore not deduct these hours as a result of this challenge.[2]

Second, the Secretary argues that the Court should reduce the expenses sought by Ms. Golden, including expenses for photocopies, legal research, travel costs, and consultant's fees. Regarding the reasonableness of the amount sought for photocopying, the Secretary disputes $169.66 charged for photocopies, postage, and facsimiles that has no corresponding explanation. The Court agrees and will reduce the award by that amount. The Secretary also disputes the $3,358.80 charged for photocopying briefs and appendices filed with the Federal Circuit. In response, Ms. Golden states that the filing of her 2005 and 2006 briefs and appendices with the Federal Circuit, for which she charged $2,079.04, involved at least 2,688 pages, as 14 copies of each document must be filed.[3] The Court notes that, based on Ms. Golden's assertions, the requested amount would equal more than $0.77 per page for photocopying. The Court finds this amount unreasonable. The Court notes that Ms. Golden's fee agreement with counsel contains a provision authorizing payment for in-house copies at a rate of $0.15 per page. The Court will, therefore, award expenses for 2,688 pages of photocopying at a rate of $0.15 per page for a total of $403.20. Ms. Golden does not address the $1,279.76 charged for photocopying in April 2009, which was disputed by the Secretary, other than

---

[2] As for the amount of time billed for conducting this work, the Court will consider that challenge in conjunction with the Secretary's later argument that the time spent drafting substantive pleadings was not reasonable.

[3] The Court will use the page numbers given by Ms. Golden and the math conducted by her counsel in determining the reasonableness of the expenses sought.

making a general statement that all expenses were itemized in her petition. Therefore, the Court will reduce the expenses by that amount. *See Blum*, 465 U.S. at 897 (the applicant bears the burden of showing the reasonableness of expenses).

Concerning the amount billed for legal research, $290.88, the Secretary argues that the description of the expenses is too vague to be found reasonable. Ms. Golden argues that the research corresponds to issues contained in the briefs that were filed near the dates that the research was conducted. Ms. Golden's EAJA application includes notations with the actual amount of legal research expenses as opposed to the amount of legal research expenses sought. These notations reflect that she has significantly reduced the expenses sought for legal research, requesting only a fraction of the actual expenses. Based on a review of the application, the Court does not find the expenses sought for legal research to be unreasonable. *See Ussery*, 10 Vet.App. at 53.

Concerning the expenses associated with traveling to and from oral argument before the Federal Circuit, the Secretary argues that Ms. Golden has not demonstrated that the expenses sought, $301.49 for a plane ticket and $198.60 for a hotel room, are reasonable. However, the Court finds that Ms. Golden has provided sufficient detail and specificity to demonstrate the reasonableness of these fees and will therefore award them in full. *See Cline v. Shinseki*, 26 Vet.App. 325, 331 (2013).

The Secretary also contests the reasonableness of the $850.00 fee paid to Dr. Lopez for a medical opinion concerning Ms. Golden's mental functioning during the 120-day period following the Board's February 2001 decision. Ms. Golden responds that the opinion was necessary to establish a factual basis for entitlement to equitable tolling. The Court finds that obtaining an expert medical opinion in this case was reasonable and will, therefore, award the $850.00 fee sought. *See Ussery*, 10 Vet.App. at 53.

Next, the Secretary asks the Court to reduce the amount of fees awarded by $4,269.45, or 25.35 hours,[4] because the descriptions of the work associated with the requested fees are too vague. These entries concern drafting and reading letters, conducting conference calls, preparing appendices for briefs, and reading orders and filings, as well as reviewing the case. The Secretary argues that not enough detail is provided to justify billing for these tasks, some of which are clerical in nature

---

[4]The total of 25.35 hours includes 21.85 hours disputed on page 19 of the Secretary's Response, as well as 3.5 hours pertaining to Ms. Golden's 2009 brief to the Federal Circuit, challenged on page 22 of the Secretary's Response.

and duplicative. Additionally, the Secretary cites examples of what he contends are instances of overbilling, such as billing .10 hours to leave a message for his client or to read a one-page order. After reviewing the entries in Ms. Golden's EAJA application, the Court agrees that much of the information provided is too vague to determine whether the charges are reasonable. *See McDonald v. Nicholson*, 21 Vet.App. 257, 263-64 (2007). The Court will, therefore, reduce the number of the contested hours by half and subtract $2,134.72 from the fees sought for the work at issue. *See Baldridge*, 19 Vet.App. at 241 (holding that the Court has discretion to reduce billing entries "by an appropriate percentage" and need "not attempt to identify particular hours for disqualification").

The Secretary also asks the Court to reduce the amount of fees by $2,576.83, or 15.3 hours, for the amount of time spent reading the claims file and reviewing the record, because the hours billed are duplicative and thus unreasonable. The Court agrees that the multiple entries for time spent reading the record before the agency appear duplicative and lack sufficient detail. The Court will therefore reduce the number of the contested hours by half to 7.65 and subtract $1,288.41 in fees. *See id.*

Additionally, the Secretary argues that the hours billed by Ms. Golden for time spent drafting substantive pleadings were not reasonable because the facts and arguments in the pleadings were essentially the same throughout the appeals process. In response, Ms. Golden argues that there was no duplication of time or effort in drafting and filing the pleadings before the Federal Circuit and this Court. She argues that each brief involved drafting unique arguments, especially as the law changed over the appeal period, and that she could not submit the same brief in each instance. The Court agrees with Ms. Golden that, given the evolution of law during her appeal period, the time spent preparing multiple briefs in this case was reasonable.

Lastly, the Secretary contends the Ms. Golden has not shown that the 11.7 hours billed by her counsel for preparing her EAJA application were reasonable, citing the vague billings noted above. The Court does not find that spending 11.7 hours preparing an EAJA application in a lengthy case such as this is excessive on its face, and the Court is not convinced that the time billed is otherwise unreasonable. The Court will therefore not reduce the overall time spent preparing the application. *See Ussery*, 10 Vet.App. at 54.

### III.  CONCLUSION

Upon consideration of the foregoing analysis, the record of proceedings before the Court, and the filings of the parties, Ms. Golden's EAJA application for fees and expenses is GRANTED in the amount of $29,893.74.