SCHOELEN, Judge:
This case is before the Court on the appellant’s September 5, 2007, application for an award of attorney fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), for $11,945.79 in attorney fees and $103.43 in *267 expenses for a total of $12,049.22. For the reasons set forth below, the Court will grant in part the EAJA application.
I. BACKGROUND
In September 1943, veteran Edward E. Gordon purchased a $10,000 National Service Life Insurance (NSLI) policy. Record (R.) at 17. The veteran died in August 1995. R. at 64. On September 11, 1995, the intervenor, Beth Gordon Samargin, the veteran’s daughter, filed a claim for the proceeds of his NSLI policy on behalf of her minor children (Aline and Kristiana). R. at 63. On October 13, 1995, appellant Karen Gordon, another one of the veteran’s daughters, filed a claim seeking a portion of the proceeds of the veteran’s NSLI policy on behalf of her two children (Kelin and Hunter). R. at 91-93. On October 20, 1995, the regional office (RO) and insurance center issued an administrative decision that disallowed Ms. Gordon’s claim. R. at 95. The RO determined that the proceeds of the NSLI policy were payable to Aline and Kristiana in accordance with the veteran’s December 1992 beneficiary designation. Id. Ms. Gordon appealed the RO decision. R. at 406. In January 1999, the Board granted Ms. Gordon’s claim for equal shares on behalf of her sons. R. at 172-79. Ms. Samargin appealed the January 1999 Board decision to this Court. R. at 180-82. Ms. Gordon was not a party to the appeal. In February 2000, pursuant to a joint motion of the parties, the Court remanded this appeal to the Board for consideration of Fagan v. West, 13 Vet.App. 48 (1999), which was issued subsequent to the January 1999 Board decision. R. at 192-96.
In January 2001, the Board issued a decision finding that Ms. Gordon’s minor children were not among the beneficiaries of the veteran’s NSLI policy. R. at 214-21. In May 2001, Ms. Gordon, through counsel, appealed that decision to the Court. Ms. Samargin was not a party to the appeal. On June 28, 2001, the Secretary moved, unopposed, to remand the matter for consideration of the applicability of the Veterans Claims Assistance Act of 2000 (VCAA), Pub.L. No. 106-475, 114 Stat. 2096, in accordance with this Court’s decision in Holliday v. Principi, 14 Vet.App. 280 (2001). R. at 237-41. On September 26, 2001, the Court granted the Secretary’s motion. R. at 236.
On October 17, 2002, the Board issued the decision here on appeal. R. at 1-12. The Board found that there was clear and convincing evidence of the veteran’s intent to change his beneficiaries. However, it concluded that there was no evidence that the veteran had performed an overt act reasonably designed to effectuate his intent to change his beneficiary. R. at 11.
In its decision, the Board further concluded that VA had provided the appellant with VCAA-compliant notice. On appeal to the Court, the appellant argued that VA failed to fulfill its notice obligations under 38 U.S.C. § 5103(a). The Secretary countered that because an NSLI beneficiary claimant is not a “claimant” within the meaning of 38 U.S.C. §§ 5100 and 5103(a), VA did not have a duty to provide Ms. Gordon with any section 5103(a) notice. Aternatively, he argued that the appellant was adequately notified of her rights under the VCAA and any notice error was not prejudicial. The Court rejected the Secretary’s argument and held that VA was obligated to provide NSLI beneficiary claimants with section 5103(a) notice. Gordon v. Nicholson, 21 Vet.App. 270, 275-80 (2007). Additionally, the Court held that VA failed to provide the appellant VCAA notice as to the information and evidence necessary to substantiate her claim, and that this error was prejudicial. Id. at 280-83.
*268 II. ANALYSIS
This Court has jurisdiction to award reasonable attorney fees and expenses pursuant to 28 U.S.C. § 2412(d)(2)(F). Here, the appellant’s September 2007 EAJA application was filed within the 30-day EAJA application period set forth in 28 U.S.C. § 2412(d)(1)(B). It also satisfies the requisite EAJA “application-content specifications,” because it contains the following: (1) An allegation that the petitioner is a prevailing party; (2) a showing that he is a party eligible for an EAJA award because his net worth does not exceed $2,000,000; (3) an allegation that the position of the Secretary was not substantially justified; and (4) an itemized fee statement. See 28 U.S.C. § 2412(d)(1)(A), (1)(B), and (2)(B); Scarborough v. Principi, 541 U.S. 401, 124 S.Ct. 1856, 158 L.Ed.2d 674 (2004).
A. Substantial Justification
Once an EAJA applicant alleges that the Secretary’s position lacked substantial justification, the burden shifts to the Secretary to show that the Government’s position was substantially justified at both the administrative and litigation stages of the matter. See Locher v. Brown, 9 Vet.App. 535, 537 (1996). The Court must determine whether the Government’s position was “justified in substance or in the main — that is, justified to a degree that could satisfy a reasonable person.” Pierce v. Underwood, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). Thus, “a position can be justified even though it is not correct,” and should be considered substantially justified “if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.” Id. at 566 n. 2, 108 S.Ct. 2541. In Stillwell v. Brown, 6 Vet.App. 291, 302 (1994), this Court announced a test for evaluating whether VA’s position was substantially justified in the administrative and judicial phases:
VA must demonstrate the reasonableness, in law and fact, of the position of the VA in a matter before the Court, and of the action or failure to act by the VA in a matter before the VA, based upon the totality of the circumstances, including merits, conduct, reasons given, and consistency with judicial precedent and VA policy with respect to such position, and action or failure to act, as reflected in the record on appeal and the filings of the parties before the Court.

Id.

There are a number of factors that have a bearing upon the reasonableness of the VA’s administrative and litigation positions. One such factor is the evolution of VA benefits law, which has often resulted in new, different, or more stringent requirements for adjudication. Stillwell, 6 Vet.App. at 302; see also Bowey v. West, 218 F.3d 1373, 1376-77 (Fed.Cir.2000) (holding that substantial justification shall be determined on the basis of the law in existence at the time that the Government adopted its position); Bonny v. Principi, 18 Vet.App. 218, 221 (2004) (stating that “in judging reasonableness during the administrative proceedings, the Court looks to the relevant, determinative circumstances, including the state of the law at the time of the Board decision”); Moore v. Gober, 10 Vet.App. 436, 440 (1997) (holding the same).
Cases before this Court may involve issues of first impression containing good faith arguments made by the Government that are eventually rejected by the Court. Stillwell, 6 Vet.App. at 302-03; Carpenter v. West, 12 Vet.App. 316, 320 (1999). Arguments presented in a case of first impression are more likely to be considered substantially justified than those where the Court determines that the Secretary ignored existing law. See Johnson (Leamon) v. Principi, 17 Vet.App. 436 (2004) *269 (holding that Secretary’s position at the administrative level in promulgating and applying a regulation was substantially justified); Carpenter, supra (holding that it was not unreasonable for the Secretary not to have foreseen Court’s expansion of 38 U.S.C. § 1318 caselaw). However, “[a] lack of judicial precedent adverse to the government’s position does not preclude a fee under the EAJA.” Felton v. Brown, 7 Vet.App. 276, 281 (1994) (quoting Ramon-Sepulveda v. INS, 863 F.2d 1458, 1459 (9th Cir.1988)).
In eases of first impression the Court must determine whether the issue presented “close” questions, and whether the Secretary sought an unreasonable interpretation or resolution of the matter. See Felton, 7 Vet.App. at 282 (citing Marcus v. Shalala, 17 F.3d 1033, 1038 (7th Cir.1994) (finding that Government’s contention that the questions involved were “close” was controverted by the U.S. Supreme Court’s statements that the Government policies were “manifestly contrary to statute” and “made little sense” and by the “strong disapproval” of relevant regulations by several circuits of the U.S. courts of appeals)). Other factors to be considered include whether “the statutory scheme to be considered is complex, or ... the analysis required, even for a straightforward statute, is ‘exceptional’ ” Golliday v. Brown, 7 Vet.App. 249, 255 (1994) (citing Stillwell, 6 Vet.App. at 303); see also Pottgieser v. Kizer, 906 F.2d 1319, 1324 (9th Cir.1990) (same).
Here, as to the Secretary’s administrative position, the Board found that the Secretary sent the appellant notice that satisfied the VCAA notice requirements. R. at 6. The Board concluded that VA had informed the appellant “which information and evidence that the appellant was to provide to VA and which information and evidence that the VA would attempt to obtain on behalf of the appellant.” Id. The Court held that the Board erred when it relied on a variety of postdecisional documents to support its conclusion that VA had provided the appellant with VCAA-compliant notice. Gordon, 21 Vet.App. at 282. The Secretary argues that his administrative position was reasonable because “the BVA was following the law and deemed that Appellant had adequate notice and opportunities to participate effectively in her appeal.” Secretary’s Response at 16. In this vein, the Secretary notes that the decision of the U.S. Court of Appeals for the Federal Circuit in Mayfield v. Nicholson, 444 F.3d 1328 (Fed.Cir.2006), which held that the Board could not rely on postdecisional documents to find VCAA-compliant notice, had not yet been issued when the Board issued the decision in this case.
Although Mayfield was decided after the Board decision in this case, the Court agrees with the appellant that the Secretary reads the Court’s opinion in this case too narrowly. See Appellant’s Reply at 5 (arguing that “[bjecause the Court’s remand was not based solely on the intervening decision in Mayfield, but, rather, on the Secretary’s failure to provide adequate notice, Mayfield does not render the Board’s position substantially justified”). In addition to holding that the Board erred in relying on postdecisional documents to find VCAA-compliant notice, the Court also held that “Ms. Gordon never received any notice directed to satisfying the requirements of section 5103(a).” Id. (emphasis added). The Court further held that “nothing in the record relied upon by the Board indicates that Ms. Gordon was ever adequately informed of what evidence was necessary to substantiate her NSLI beneficiary claim.” Appellant’s Reply Br. at 5. Thus, contrary to the Secretary’s argument, the Court’s decision in this case *270 was not based solely on the Board’s unlawful reliance on. postdecisional documents. Given the totality of circumstances, the Court finds that the Secretary’s administrative position was not reasonable in law or fact.
The Court also finds that the Secretary’s litigation position was not substantially justified. The Secretary argues that his litigation position was substantially justified because this case involved an issue of first impression. He states that the Court should find his litigation position substantially justified “[gjiven the sophisticated nature of the issues involved, the legitimate differences of opinion on the legal issues, and the evolving case law.” Secretary’s Reply at 10-11.
On appeal to the Court, the Secretary argued that because the VCAA does not apply to NSLI claims, VA did not have a duty to provide Ms. Gordon with any section 5103(a) notice. This position is inconsistent with the Board’s October 2002 decision here on appeal and the position that the Secretary took in 2001 when he sought a remand of this case so that the Board could consider the application of the VCAA to this case. The crux of the Secretary’s argument in his 2005 brief was that a person claiming to be a beneficiary under an NSLI policy is not a “claimant” within the meaning of section 5100, because the proceeds of the NSLI policy are not “benefits” within the meaning of the statute and instead are merely proceeds, resulting from a contract between the veteran and VA. Gordon, 21 Vet.App. at 277. The Secretary attempted to make a distinction between veterans who apply for NSLI policies and beneficiaries who seek proceeds under the policies. Id.
The Court rejected the Secretary’s argument, concluding that the Secretary’s interpretation violated the plain meaning of the statute. The Court held that the plain language in section 5100 broadly defines “claimant” as an “individual applying for, or submitting a claim for, any benefit under the laws administered by the Secretary.” Id. at 277-78. The Court found that the “statute clearly applies to any benefit that a claimant seeks and makes no distinction that would exclude certain types of ‘benefits.’ ” Id. at 278. The Court refused “to draw the distinction urged by the Secretary,” finding that such a distinction had “no basis in the statutory language of section 5103(a).” Id. Accordingly, the Court held that “while there is a difference in the nature of the ‘benefits’ flowing to the veteran and his beneficiary, ... both [the] veteran and beneficiary are ‘claimants’ seeking ‘benefits’ within the meaning of section 5100.” Id.
The Court also found that the Secretary’s argument ignored the plain language of section 5103(b). Id at 279-80. The Court held that if the Secretary were correct, that section 5103(a) notice did not apply to NSLI beneficiary claims, there would be no need for the section 5103(b)(2) exception.[1] Gordon, supra. The Court held that “[ajfter examining the plain meaning of sections 5100, and 5103, it is clear that Congress intended that a ‘claimant for VCAA purposes includes an individual seeking the proceeds of a deceased veteran’s NSLI policy.” Gordon, 21 Vet.App. at 280.
The Court also observed that its merits decision was consistent with other decisions issued by the Court regarding the VCAA and the proper construction of the word “claimant” as used in the statute. *271 For example, in Livesay v. Principi, 15 Vet.App. 165, 170 (en banc),[2] the Court recognized that a “claimant” within the meaning of section 5100 includes a person applying for or seeking benefits under part II (“GENERAL BENEFITS”) or III (“READJUSTED AND RELATED BENEFITS”) of title 38. Gordon, 21 Vet.App. at 278; see also Lueras v. Principi, 18 Vet.App. 435, 439 (2004) (holding VCAA does not apply to claims for waiver of overpayment of pension benefits under chapter 53 because an applicant for waiver of overpayment is not seeking benefits under chapter 51; rather the applicant is requesting a waiver of recovery of indebtedness). The Court noted that the NSLI benefit program is located in part II (“GENERAL BENEFITS”) of title 38. Id. Thus, we concluded that “when viewed within the context of title 38, NSLI-beneficiary claimants are ‘claimants’ within the meaning of section 5100.” Id.
The Court is mindful that there was a dissent in the underlying merits decision. See Gordon, 21 Vet.App. at 283-90 (Lance, J., dissenting). However, the Court concludes that this is not a dispositive factor in the Court’s consideration of whether the Secretary’s litigation position was substantially justified. See Ozer v. Principi, 16 Vet.App. 475, 479 (2002). The Court concludes that the statutory question involved was not a complex or close one, or that the statutory provisions were confusing or in need of substantial interpretation. Given the plain meaning and clarity of the statutory provision in question, as stated by the Court in its underlying merits opinion, and the Court’s rejection of the Secretary’s argument as contrary to the plain meaning of the applicable statutory provisions, the Court concludes that, based on the totality of circumstances, the Secretary’s litigation position that VA did not have duty to provide Ms. Gordon with any section 5103(a) notice did not have a “reasonable basis in law and fact” and was not substantially justified.
The Secretary also argued that the appellant was adequately notified of her rights under the VCAA and any notice error was not prejudicial because she had actual knowledge of the information or evidence that she needed to submit in support of her claim. The Secretary’s litigation position on the adequacy of the VCAA notice is identical to its administrative position that the Court has held was not substantially justified. For the reasons discussed earlier in this decision, the Court finds that the Secretary’s litigation position has no reasonable basis in fact or law and is therefore not substantially justified. With regard to the issue of prejudicial error, the Court in its merits decision found that there was no evidence in the record to support the Secretary’s argument that the appellant had actual knowledge of the evidence and information to submit in support of her claim. The Court finds that there was no reasonable basis in fact or law to support the Secretary’s argument that the appellant was not prejudiced by the VA’s failure to provide her with section 5103(a) notice.
B. Reasonableness of Fee
Although the Secretary has not disputed other aspects of Ms. Gordon’s EAJA application, the Court nevertheless may only award reasonable fees and expenses. 28 U.S.C. § 2412(d); Ussery v. Brown, 10 Vet.App. 51, 53 (1997) (“Once it is determined that a claimant is entitled to an EAJA award, the Court still must determine what is a ‘reasonable’ fee.”); see also *272 McDonald v. Nicholson, 21 Vet.App. 257, 263 (2007) (“In determining reasonableness, the Court will consider whether the hours claimed are (1) unreasonable on their face; (2) otherwise contraindicated by the factors for determining reasonableness itemized in Hensley v. Eckerhart, 461 U.S. 424, 430 n. 3, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), or Ussery v. Brown, 10 Vet.App. 51, 53 (1997); or (3) persuasively opposed by the Secretary.”); Chesser v. West, 11 Vet.App. 497, 501 (1998) (“The Court has wide discretion in the award of attorney fees under the EAJA.”). Moreover, it is Ms. Gordon’s burden to demonstrate the reasonableness of her request for fees and other expenses. See Blum v. Stenson, 465 U.S. 886, 897, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984) (stating that the appellant bears the burden of demonstrating that the number of hours expended are reasonable).
In this instance, the $103.43 claimed for copying, faxing, postage, and phone calls is reasonable on its face. However, the claimed 80.2 hours of attorney work is not. The initial brief presents routine arguments as to the adequacy of notice and the Board’s statement of reasons or bases, yet 26.7 hours were spent in its preparation, without sufficient explanation for the more than three days of work spent in its preparation. In contrast, the reply brief addresses a novel issue raised by the Secretary, and it was researched and briefed in 13.2 hours. Similarly, it took about 7 hours to research and prepare a supplemental brief in response to the Court’s request for additional briefing with regard to changes in the law. The time spent on the reply and supplemental briefs is plausibly reasonable on its face. However, given the routine issues and arguments presented in the initial brief, the 26.7 hours spent in its preparation appear excessive; 15 hours is plausibly reasonable to research and prepare the initial brief, and this will be awarded. See McDonald and Chesser, both supra; Baldridge v. Nicholson, 19 Vet.App. 227, 238 (2005) (“ ‘[T]he adversary should not be required to pay for more than the normal time the task should have required.’ ” (quoting Ramos v. Lamm, 713 F.2d 546, 554 (10th Cir.1983))); see also Hensley, 461 U.S. at 434, 103 S.Ct. 1933 (“[A]n applicant for EAJA fees must treat the government as though it were a private client by exercising the same kind of billing judgment that an attorney would use in preparing a billing statement for a private client.”).
Additionally, the record on appeal in the underlying merits case is not large (255 pages), yet 11.7 hours were spent preparing and reviewing it and the underlying claims file, without any explanation of the need for such time-consuming effort. Given the relatively small size of the record and the routine nature of the issues, 6 hours to review and identify the issues is plausibly reasonable and will be granted. See McDonald and Chesser, both supra; see also Hensley and Baldridge, both supra. Further, 1.8 hours was spent preparing a response to a show cause order associated with the failure of Ms. Gordon’s prior attorney to comply with these Court’s rules and will not be approved because the response was due, at a minimum, to attorney representation issues. Cf. Hensley, 16 Vet.App. at 498-99 (rejecting reimbursement for time spent on motions for extended time due to inefficient workload management); see also Chesser, supra. The time spent on other matters appears reasonable on its face and will be approved in full. Accordingly, of the $11,945.79 claimed, $9,085.95 will be approved for 61 hours at the claimed rate of $148.95 per hour.
The dissent takes the position that EAJA fees may not be granted in this *273 case, in part, because he argues that “Congress intended that the federal government take a ‘hands off approach to the insurance[,] business.” However, he fails to note that NSLI is not private insurance, but was, in fact, “set up by Congress [for the Government] to provide life insurance coverage to members of the United States military forces.” Young v. Derwinski, 1 Vet.App. 70, 71(1990); see also National Service Life Insurance Act of 1940, 54 Stat. 1008. However, our dissenting colleague’s main contention is that because the legal dispute in the NSLI proceedings before VA is one between the appellant and Ms. Samargin, the purported beneficiary under the policy, the Secretary’s role in the NSLI proceedings is merely that of a neutral stakeholder.[3] For this reason, the dissent argues that Ms. Gordon’s appeal of the October 17, 2002, Board decision to this Court is not a civil action “brought against the Government” within the meaning of the EAJA.[4] See 28 U.S.C. § 2412(d)(1)(A).
The majority disagrees with the dissent that the Secretary is a “neutral stakeholder” in NSLI proceedings. A stakeholder is a disinterested third party who holds money or property, the right to which is disputed between two or more parties. Blacks Law DiotionaRY 823, 1412 (7th ed.1999). Such a stakeholder, who is uncertain as to which of the competing parties is entitled to the property, may file an interpleader suit to have a Federal district court determine who should receive the property and avoid multiple liability. See Fed.R.Civ.P. 22.
Unlike a “neutral stakeholder” who sits back and awaits a decision directing to whom it must pay benefits, the Board is the decisionmaker, determining which of the parties is entitled to the proceeds of the NSLI policy. See 38 U.S.C. § 38 C.F.R. § 20.101(a)(14) (2008) (noting that the Board has jurisdiction to decide matters arising under the National Service Life Insurance program); 38 C.F.R. § 8.30 (2008) (noting that the regulations governing appeals to the Board “will be followed in connection with appeals to the Board of Veterans^] Appeals involving questions pertaining to the ... disallowance of claims for insurance benefits.”). Here, it is the Board’s October 17, 2002, decision regarding the appellant’s NSLI beneficiary claim that is subject to judicial scrutiny. The dissent cites In re Perry, 882 F.2d 534, 539-40 (1st Cir.1989), for its language that EAJA is not applicable in Occupational Safety and Health Review Commission (OSHRC) cases when the OSHRC acts as a purely adjudicative entity. However, Ms. Gordon, like any other claimant who comes before this Court, seeks review of an adverse Board decision denying her claim. She has challenged a Board decision that she considers unreasonable in an *274 effort to vindicate her rights to the proceeds of Mr. Gordon’s NSLI policy. As such, her EAJA application is permitted by the plain language of the EAJA statute and is consistent with its purpose of removing the obstacle of attorney fees that might otherwise prevent an individual from challenging unreasonable governmental action. Comm’r, INS v. Jean, 496 U.S. 154, 163, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990).[5] There is no basis to exempt her appeal from the EAJA.
IV. CONCLUSION
In this matter, the Court holds that the Secretary was not substantially justified in his arguments either at the administrative and litigation levels. On the basis of the foregoing analysis, the petitioner’s application for attorney fees and expenses is GRANTED IN PART, in the amount of $9,189.38.
LANCE, Judge, filed a dissenting opinion.

. Section 5103(b)(2) provides that the one-year time limit within which a claimant has to provide evidence to the Secretary after section 5103(a) notice is provided does not apply to “government insurance claims.”

. The Court notes that Livesay was decided by this Court prior to the Court’s 2001 remand to the Board for the purpose of having the Court consider the effect of the VCAA on the appellant’s claim.

. In taking the position that EAJA does not apply to appeals to this Court involving NSLI claims, the dissent does not take into account that NSLI proceedings do not necessarily involve disputes between two parties over the proceeds of an NSLI policy. See, e.g., Lee v. West, 13 Vet.App. 388 (2000) (involving a claim for an earlier effective date for the payment of monthly disability benefits under the total disability insurance provision of the appellant’s NSLI policy); Saunders v. Brown, 4 Vet.App. 320 (1993) (involving a challenge to the statutory requirement that application for Service Disabled Veterans Insurance, a form of NSLI, be made within two years after the date of award of service connection).

. Our dissenting colleague argues that the EAJA would not be applicable to this case if the underlying action had been brought in Federal district court pursuant to 38 U.S.C. § 1984 (2008). Assuming arguendo this is correct, it nevertheless is inapposite. The issue is whether a prevailing party may recover EAJA fees for actions brought before this Court, not what is or is not permitted before other courts.

. The dissent also argues that EAJA should not apply to NSLI cases because they do not involve “broad reaching public policy implications.’’ Assuming arguendo that the EAJA is only applicable in such cases, we note that the underlying precedential opinion resolves the issue of congressionally imposed notice requirements for NSLI claims — itself a public policy issue.