# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 17-3296(E)

SHAWN P. LACEY, APPELLANT,

V.

ROBERT L. WILKIE,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appellant's Application for Attorney Fees and Expenses

(Decided August 18, 2020)

*Jennifer A. Zajac*, of Oceanside, California, was on the pleading for the appellant.

*William A. Hudson, Jr.*, Acting General Counsel; *Mary Ann Flynn*, Chief Counsel; *Edward V. Cassidy, Jr.*, Deputy Chief Counsel; *Megan C. Kral,* Deputy Chief Counsel, all of Washington, D.C., were on the pleading for the appellee.

Before ALLEN and TOTH, *Judges*, and SCHOELEN,[1] *Senior Judge*.

SCHOELEN, *Senior Judge*, delivered the opinion of the Court. ALLEN, *Judge*, filed a concurring opinion. TOTH, *Judge*, filed a dissenting opinion.

SCHOELEN, *Senior Judge*: Before the Court is the application of the appellant, Shawn P. Lacey, for an award of legal fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), in the amount of $35,666.33, for the work of his lawyer, Jennifer A. Zajac, Esq., and her co-counsel, Linda E. Blauhut, Esq. *See* Appellant's Application for an Award of Attorney Fees, Costs and Other Expenses Under the Equal Access to Justice Act (Appl.) at 1-11. The Secretary filed an opposition to that application. *See* Secretary's Response to Appellant's Application for Attorney Fees and Expenses (Secretary's Resp.) at 1-11. The Court grants entitlement to attorney fees, costs, and expenses for the entire period requested and orders a staff conference to be held under Rule 33 of the Court's Rules of Practice and Procedure to discuss the reasonableness of the amount of requested fees and expenses.

---

[1] Judge Schoelen is a Senior Judge acting in recall status. *In re Recall of Retired Judge*, U.S. VET. APP. MISC. ORDER 04-20 (Jan. 2, 2020).

# I. BACKGROUND

The Veterans Retraining Assistance Program (VRAP) was a short-lived program intended to provide older veterans with job retraining for various high-demand occupations. VA denied Army veteran Shawn P. Lacey's application for VRAP benefits because he sought to use them to pursue a bachelor's degree at Medaille College, a 4-year college, rather than an associate's degree (or a certificate attesting to a degree of similar nature) at a community college or technical school. In construing the VRAP statute, the Board invoked the negative implication canon of statutory interpretation in reasoning that Congress, by mentioning community colleges and technical schools, sought intentionally to exclude from the program 4-year institutions such as colleges and universities. Record (R.) at 9-10.

Mr. Lacey appealed to this Court, arguing that the VRAP statute Congress passed only required a veteran to take a course or courses that are *offered* by a community college or technical school and did not require the veteran to take such courses *at* a community college or technical school. The Court held that the VRAP statute

> is at least ambiguous in this regard, as it provides no clear answer to whether benefits can be used at four-year colleges or are limited only to community colleges or technical schools. Further, because VA never issued any regulations or guidance interpreting the statute, there is no agency position that warrants deference. In the absence of any considered agency position, and having exhausted the traditional tools of statutory construction, the Court concludes that the pro-veteran canon requires us to read the statute as including four year colleges and institutions when the course at issue is *offered by* a community college or technical school and did not require the veteran to take such course *at* a community college or technical school.

*Lacey v. Wilkie*, 32 Vet.App. 71, 73-74 (2019). Of significance in determining Mr. Lacey's entitlement to legal fees and expenses under EAJA, the Court rejected the reasoning of the Board at the administrative level, concluding that the Board's "invo[cation of] the non-implication canon as decisive in its reading of the [VRAP] statute . . . . carries little probative weight in determining a statutory meaning, because Mr. Lacey's program of education appears to fall within the definition provided by Congress" of a "program of education." *Id*. at 78 (citation omitted). The Court explained that the Board's analysis "overlooks the salient fact that Congress expressly defined 'program of education' . . . [to] contain[] an expansive list of the types of courses at an 'educational institution' . . . [and] defined 'educational institution' to expressly include 4-year colleges and

universities." *Id.* The Court also found that "the Board's citation to regulations from VA and other federal agencies for guidance . . . is misplaced where Congress provided its own definition[s]" by reference of "program of education" and "educational institution." *Id.*

## II. ANALYSIS

This Court has jurisdiction to award attorney fees under 28 U.S.C. § 2412(d)(2)(F). The appellant's EAJA application was filed within the 30-day EAJA application period set forth in 28 U.S.C. § 2412(d)(1)(B), and the application meets the statutory content requirements because it contains (1) a showing that the appellant is a prevailing party; (2) a showing that he is a party eligible for an award because his net worth does not exceed $2,000,000; (3) an allegation that the Secretary's position was not substantially justified; and (4) an itemized statement of the attorney fees and expenses sought. *See* 28 U.S.C. § 2412(d)(1)(A), (1)(B), (2)(B); *Scarborough v. Principi*, 541 U.S. 401, 408 (2004).

The Secretary argues that the appellant's EAJA application should be denied because the Secretary's position was substantially justified. Secretary's Resp. at 4-10. Alternatively, he contends that the Court should exercise its authority and discretion to reduce the fees requested because the number of hours billed is unreasonable. *Id.* at 10-15.

### A. Substantial Justification

This Court will award attorney fees to a prevailing party "unless the Court finds that the position of the United States was substantially justified" or that the other statutory requirements were not met. 28 U.S.C. § 2412(d)(1)(A); *Cycholl v. Principi*, 15 Vet.App. 355, 359 (2001). Because in the instant case the appellant has alleged, pursuant to section 2412(d)(1)(B), that the Secretary's position was not substantially justified, the Secretary "has the burden of proving that his position was substantially justified . . . to defeat the appellant's EAJA application." *Vaughn v. Gober*, 14 Vet.App. 92, 95 (2000) (citing *Stillwell v. Brown*, 6 Vet.App. 291, 301 (1994)). The Secretary must establish that his position was substantially justified at both the Board level and before this Court. *Id.*; *see Locher v. Brown*, 9 Vet.App. 535, 537 (1996); *ZP v. Brown*, 8 Vet.App. 303, 304 (1995).

"[A] position can be justified even though it is not correct," and "it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Stillwell*, 6 Vet.App. at 302 (quoting *Pierce v. Underwood*,

487 U.S. 552, 566 n.2 (1988)). In determining substantial justification, the Court's inquiry must focus on the "totality of the circumstances" pertinent to the Government's position on the issue on which the claimant prevailed, including the "state of the law at the time the position was taken." *Smith v. Principi*, 343 F.3d 1358, 1363 (Fed. Cir. 2003). In doing so, the Court should look at factors including the "merits, conduct, reasons given, and consistency with judicial precedent and VA policy with respect to such position, and action or failure to act," along with any other applicable circumstances. *Stillwell*, 6 Vet.App. at 302; *see Cline v. Shinseki*, 26 Vet.App. 325, 327 (2013). However, no one factor is dispositive. *Patrick v. Shinseki*, 668 F.3d 1325, 1332 (Fed. Cir. 2011).

The Secretary avers that, at the time of the Board's decision, the issue in the underlying case – whether a 4-year college met the requirements of VRAP – was one of first impression that had not yet been addressed by VA or this Court, and he argues that this factor weighs in favor of reasonableness of VA's position at the administrative level. Secretary's Resp. at 7. He further argues that the Board's interpretation of the VRAP statute was reasonable because it "appropriately employ[ed] the canons of statutory construction" and relied on "analogous regulations[] and Congressional intent." *Id.* at 8; *see* R. at 7-10.

This Court has determined that the Government's position was substantially justified where that position was invalidated in a case of first impression. *See Felton v. Brown*, 7 Vet.App. 276, 283 (1994) (finding the Secretary's position substantially justified in a case of first impression "[g]iven the statutory silence on the particular matter and the lack of a conflict with adverse precedent"). However, in *Felton*, the Court emphasized that it was not adopting a "per se rule that a case of first impression will always render the Government's position substantially justified." *Id.* at 281. Rather, the Government must still show that its interpretation was "reasonable, albeit incorrect." *Patrick*, 668 F.3d at 1330; *see also Gordon v. Peake*, 22 Vet.App. 265, 269 ("In cases of first impression the Court must determine whether the issue presented 'close' questions, and whether the Secretary sought an unreasonable interpretation or resolution of the matter.") (citing *Felton*, 7 Vet.App. at 282); *Cline*, 26 Vet.App. at 330 (stating that although it was a case of first impression, it did not present a "close" question on which the Secretary had a "reasonable" interpretation). When the Secretary's adopted interpretation is "wholly unsupported by either the plain language of the statute or its legislative history," *Patrick*, 668 F.3d at 1333, such interpretation "weighs heavily against a finding of substantial justification, and, while not

dispositive, makes it difficult to establish substantial justification." *Butts v. McDonald*, 28 Vet.App. 74, 83 (2016) (citing *Patrick*, 668 F.3d at 1331) (internal quotation marks omitted).

Although there was no clear precedent at the time of the Board's decision in this case, applying the totality of the circumstances test, the Secretary does not demonstrate that his position at the administrative level was reasonable. In the merits decision, the Court pointed out that VA took no action "to issue official guidance as to the agency's position on issues raised by the [VRAP] statute," and that if there had been such guidance, "this case may very well have turned out differently." *Lacey*, 32 Vet.App. at 80; *see Stillwell*, 6 Vet.App. at 302 (stating that pertinent factors to consider under the "totality of the circumstances" test include "VA policy with respect to [the] position" at issue, and the agency's "action or failure to act"); *see also Cline*, 26 Vet.App. at 327. More significantly, the Court struck down the Board's interpretation of the VRAP statute, concluding the Board's use of "the negative implication canon carries little probative weight in determining a statutory meaning" because "Mr. Lacey's program of education appears to fall within the definition[s] provided by Congress." *Lacey,* 32 Vet.App. at 78. Similarly, regarding the "Board's citation to regulations from VA and other federal agencies for guidance as to various definitions," the Court held that such citations were "misplaced where Congress provided its own definition[s]." *Id.* Indeed, in *Butts*, upon which the Secretary relies as support for finding substantial justification in this case, the Board was following guidance that the Court itself had set out in existing precedent that was overturned subsequent to the Board decision, and even under those circumstances, the Court found that the Board's position was not substantially justified where other factors weighed more heavily toward a finding of unreasonableness. 28 Vet.App. at 82 ("[U]nder the totality-of-the-circumstances test, the Secretary's compliance with precedent does not relieve the Court of its duty to evaluate the reasonableness of the Secretary's regulatory interpretation and his conduct at the administrative level" in a case involving an issue of first impression); *see also Patrick,* 668 F.3d at 1332 ("[t]he fact that the Veterans Court had previously upheld the VA's erroneous interpretation of [a statute] does not . . . resolve the substantial justification inquiry.").

In sum, the Court concludes that the totality of circumstances in this case shows that the Secretary has not satisfied his burden to show that the Board's interpretation of the statute was reasonable, as no "reasonable person could think it correct." *See id.* at 1330 (citing *Pierce*, 487 U.S. at 566). Thus, the Secretary has not met his burden to show that his administrative position

was substantially justified, *Locher*, 9 Vet.App. at 537, and, therefore, the Court need not address whether he was substantially justified at the litigation stage, *see Cycholl*, 15 Vet.App. at 361 (holding that the Court need not address the Secretary's position at the litigation stage where the Secretary failed to carry his burden of demonstrating that his position was substantially justified at the administrative stage).

## B. Reasonableness of Fees and Expenses

Typically, once the Court determines that an appellant has met the threshold requirement for receiving EAJA fees and expenses, the Court must determine the reasonableness of the fees and expenses. *See Uttieri v. Brown*, 7 Vet.App. 415, 418 (1995) (citing *Comm'r, INS v. Jean*, 496 U.S. 154, 160-61 (1990)). The Court "has wide discretion in the award of attorney fees under the EAJA." *Chesser v. West*, 11 Vet.App. 497, 501 (1998) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). Because the only remaining issue is the reasonableness of the fees to be awarded, the Court will order a staff conference to be held under Rule 33 of the Court's Rules of Practice and Procedure to discuss the reasonableness of the requested fees and expenses. *See* U.S. VET. APP. R. 39(c) (permitting the Court to direct the parties in a fee dispute to attend a staff conference); U.S. VET. APP. INTERNAL OPERATING P. XII(a) ("If reasonableness of the requested fee is the only contested issue, [Central Legal Staff] conducts a conference with the parties to attempt to resolve the disagreement."). The Court will provide the parties 30 days following the staff conference to reach a settlement based on the Court's holding. If no agreement on fees and expenses is made within the allotted time, the Court will determine a reasonable amount of fees, costs, and expenses owed by the Government to the appellant.

## III. CONCLUSION

Upon consideration of the foregoing, it is

ORDERED that entitlement to attorney fees, costs, and expenses for the entire period requested is GRANTED. It is further

ORDERED that a Rule 33 staff conference be scheduled. It is further

ORDERED that within 30 days of the staff conference, the parties shall inform the Court of the status of their settlement efforts. And it is further

ORDERED that if an agreement is not reached, that the matter be returned to the panel at the expiration of the 30-day period following the staff conference absent further order of the Court.

Allen, *Judge*, concurring: I join the opinion of the Court in full. I write separately to underscore that in my view the plain language of the statute creating the VRAP dictated the result the Court reached in the underlying appeal. *See Lacey v. Wilkie*, 32 Vet.App. 71, 80-82 (2019) (Allen, J., concurring in the judgment). While there are no bright line rules for determining the substantial justification of the Government's litigation position – and I recognize the Court does not reach this issue in the majority opinion– both this Court and the Federal Circuit have recognized that it is difficult for the Government to carry its burden in this regard when the statutory language is clear. *See Patrick v. Shinseki*, 668 F.3d 1325, 1330-31 (Fed. Cir. 2011); *Butts v. McDonald*, 28 Vet.App. 74, 80 (2016) (en banc). As I explained in my concurring opinion in the merits portion of this appeal, the statutory language we had to consider was susceptible of only one meaning. In my view, this clarity of statutory language provides an independent basis to grant the EAJA application before us because it renders the Government's litigation position unreasonable. With this comment, I join Judge Schoelen's opinion for the Court without reservation.

TOTH, *Judge*, dissenting: "The government can establish that its position was substantially justified if it demonstrates that it adopted a reasonable, albeit incorrect, interpretation of a particular statute or regulation." *Patrick v. Shinseki*, 668 F.3d 1325, 1330 (Fed. Cir. 2011). This rule should foreclose EAJA fees here, since our opinion on the merits made clear that the Secretary's position was based on a "reasonable" reading of the statute and stood on "solid footing." *Lacey v. Wilkie*, 32 Vet.App. 71, 78, 80 (2019); *see also id.* at 79 ("On this question, the statute stands closer to equipoise between the respective positions of the parties."). Considering the totality of the circumstances simply reinforces this conclusion. The statutory question was one of first impression for any court; both the Board's and the Secretary's legal analyses were based on the statute's text and the congressional purpose; and VA did not take a position that was inconsistent with any regulation or other official interpretation previously adopted. The majority doesn't disagree. Instead, it contends that the Secretary acted unreasonably "at the administrative level." *Ante* at 5. Why? Because the Board undertook the same sort of analysis advanced by the Secretary before us—one we found ultimately erroneous, but indisputably reasonable. Simply put, the basis for such a substantial justification distinction in this case eludes me. For these reasons, I respectfully dissent.